Ms. Paula Pumphrey, Director Department of Community Punishment Tower Building, Suite 1400 323 Center Street Little Rock, Arkansas 72201
Dear Ms. Pumphrey:
This letter is a response to your request for an opinion regarding the collection of probation supervision fees. You have indicated that in some counties (you specifically mention Washington County as an example), probation supervision fees that are paid by adult probationers who report to Department of Community Punishment (DCP) Adult Probation Officers are receipted by the county sheriff's office and deposited into a county bank account. The county then issues a check to the DCP once a month for the fees collected. With regard to this situation, you have presented the following question:
 Is the receipt and reimbursement of DCP probation supervision fees by county sheriffs authorized by statute, or does Act 531 of 1993 require the DCP to receipt fees from offenders participating in community punishment programs?
It is my opinion that probation supervision fees that are paid by probationers who report to DCP probation officers may be paid indirectly to the DCP, by way of another entity, such as the county sheriff, provided that the Board of Correction and Community Punishment ("board") has promulgated a rule authorizing such a procedure, and provided that the funds are eventually deposited into a state-level account created exclusively to benefit community punishment purposes.
Act 531 of 1993 (Section 5) (codified at A.C.A. § 16-93-1205) gives the board the authority and responsibility to promulgate rules relating to the disposition of fees that the board has authorized, but it does not require that the board draft the rules so as to condition collection of the fees upon direct payment to the DCP. The pertinent section of Act 531 states:
 (a) The board shall promulgate policies, rules, and regulations relating to the operation of community punishment facilities and programs, the supervisions of eligible offenders participating therein, and the termination of that participation, including, but not limited to:
* * *
 (3) Receipt of compensation in the form of fees[1] or other available sources from the eligible offender while participating in a community punishment program;
* * *
 (6) Collection of economic sanctions imposed by the court, including, but not limited to, restitution, fines, fees, or other monetary penalties attached to an offender's sentence.
A.C.A. §§ 16-93-1205(a)(3) and (6).
The quoted language allows the board wide discretion in drafting rules relating to the manner in which fees are collected and receipted by the DCP. It sets forth no conditions for the collection of fees.
The only statutory requirement regarding the disposition of collected fees appears to be that the funds eventually be placed in a state-level account created exclusively to benefit community punishment purposes. For example, section 5 of Act 953 of 1993 (codified at A.C.A. § 12-27-133) created the "Community Punishment Revolving Fund," which the statute described as consisting of:
 . . . [S]pecial revenues as specified in A.C.A. § 19-6-301(31) and fees and sanctions levied by the courts or authorized by the Board of Correction and Community Punishment for participation in specified programs to be paid by offenders on community punishment, there to be used for continuation and expansion of community punishment programs as established and approved by the Board of Correction and Community Punishment and as may be provided by law.
A.C.A. § 12-27-133. Similarly, Act 549 of 1993 states:
 (17)(A) The board is authorized to establish fees to be levied by the courts and paid by probationers during the probationary period.
* * *
 (D) The moneys collected shall be deposited in an earmarked account at the state level to be used solely for the continuation and expansion of community punishment in this state.
A.C.A. §§ 12-27-107(17)(A) and (D).
These provisions regarding the disposition of the fees and other funds collected address the final disposition of the monies; they do not prohibit other entities, such as county sheriffs, from making the initial collection.
On the basis of the above-discussed statutory provisions, I conclude that probation supervision fees may be receipted by county sheriffs (and other entities), as long as:
 (1) The Board of Correction and Community Punishment has promulgated a rule that allows for other entities to receipt the fees; and
 (2) After collection, the fees are placed in a state-level account created exclusively to benefit community punishment purposes, as required by A.C.A. §§ 12-27-107(17)(D) and 12-27-133.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] Act 549 of 1993 (codified at A.C.A. § 12-27-107) grants the board the authority to establish the fees referenced in Act 531 of 1993. Act 549 states in pertinent part:
 (17)(A) The board is authorized to establish fees to be levied by the courts and paid by probationers during the probationary period.
 (B) The board may also establish fees found necessary for participation in any community punishment program or service.
 (C) The payment of such sanctions and fees may be a condition of probation, parole, post prison transfer, or attached to admission and participation in a community punishment program.
A.C.A. §§ 12-27-107(17)(A) through (C).